**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No.: 14-01021 |
| KEITH LANY | Chapter 7 |
| Debtor(s). | Honorable Pamela S Hollis (Joliet) |

**COVER SHEET FOR FIRST AND FINAL APPLICATION
OF TAKAD ALAW OFFICE, LLC FOR ALLOWANCE
OF COMPENSATION AND EXPENSES**

Name of Applicant: TAKADA LAW OFFICE LLC

Authorized to Provide
Professional Services to: Joji Takada, Chapter 7 Trustee of the Estate of
Keith Lany

Period for Which
Compensation is Sought: June 5, 2015 to April 30, 2016

Amount of Fees Sought: $ 936.00

Amount of Expense
Reimbursement Sought: $ 0.00

This is a: First and Final Application for Compensation and
Expenses

The aggregate amount of fees
and expenses *paid* to the
Applicant to date for services
rendered and expenses incurred
herein is: $     0.00

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                              Case No.: 14-01021

KEITH LANY                          Chapter 7

                                    Honorable Pamela S Hollis
          Debtor(s).                (Joliet)

## TRUSTEE'S FIRST AND FINAL APPLICATION FOR
## COMPENSATION OF COUNSEL, TAKADA LAW OFFICE, LLC

Joji Takada, not individually, but as Chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of **Keith Lany** (the "*Debtor*"), hereby submits his first and Final Application (the "*Application*"), pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1), seeking compensation totaling $988.00 for legal services performed by the TAKADA LAW OFFICE, LLC ("*Law Office*"), counsel to the Trustee, during the period of May 15, 2017, through and including September 1, 2017 (the "*Application Period*") and $0.00 in expenses incurred in connection with those services. In support of its Application, LAW OFFCE respectfully states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.      Veue of the above-captioned case (the "Case") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

### ADVERSARY PROCEEDING

4.      On January 14, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

5.      At the Section 341 meeting of creditors, Debtor disclosed an interest in certain assets, (the "Assets"):

(a)     $13,580.00 for the nonexempt and unscheduled 2013 tax refund.

(b)     $3,825.00 for post-petition rental income.

6.     Trustee requested turnover of the Assets.  Debtor failed to comply.

7.     On May 30, 2014, the Court entered an order compelling turnover of the Assets (the "Turnover Order").  Debtor failed to comply with the Turnover Over.

8.     On September 5, 2014, the Court entered an order granting Trustee's motion for contempt against Debtor for failure to comply with the Turnover Order (the "Contempt Order").  The Contempt Order found Debtor in contempt of court for failure to comply with the Turnover Order, and for using property of the estate to pay Debtor's prepetition obligations.

9.     On March 27, 2015, the Court entered an order granting Trustee's motion for final judgment, whereby the Court found Debtor refused to obey the Turnover Order, and the Contempt Order.

10.     Trustee required counsel to bring an adversary proceeding for revocation of discharge for refusal to obey a lawful order of the court, pursuant to 11 U.S.C. Section 727(a)(6) and (d)(3).

11.     On June 5, 2015, the Court entered an order approving Trustee's retention of Law Office to represent Trustee in litigating the adversary proceeding.

## FEE APPLICATION

12.     Law Office drafted and filed the adversary complaint to revoke Debtor's discharge.

13.     Law Office spent 3.6 hours at a cost of $936.00 on issues related to drafting, filing and settling the adversary proceeding.

14.     This is the Trustee's First and Final Application for compensation and reimbursement of fees and expenses incurred by Law Office during the Application Period.

15.     Law Office's professionals spent a total of 3.6 hours providing necessary legal services for the Trustee.  Law Office maintains contemporaneous written records of the time expended by its professionals and expenses incurred. Copies of such records for this Case are grouped and attached hereto.

| Date | Attorney | Time | Rate | Total | Description |
|---|---|---|---|---|---|
| 6/5/2015 | JT | 2.5 | $260 | $650.00 | Draft Complaint to revoke discharge. |
| 7/17/2015 | JT | 0.3 | $260 | $78.00 | Prepare for and attend hearing on adversary complaint. |
| 4/10/2016 | JT | 0.5 | $260 | $130.00 | Review documents provided by Debtor; Telephone conference with Debtor re: settlement of adversary proceeding. |
| 4/15/2016 | JT | 0.3 | $260 | $78.00 | Prepare for and attend hearing on dismissal of adversary complaint. |
| **Total** | | 3.6 | | $936.00 | |

16.     Law Office does not bill its clients or seek compensation in this Application for its overhead expenses.

17.     No agreement or understanding exists between Law Office and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

18.     No compensation has been promised to Law Office other than as disclosed or approved by this Court.  Law Office certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

19.     Finally, Law Office represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

**BASIS FOR THE REQUESTED RELIEF**

20.     Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a)(3) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

21.     In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

22.     The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

23.     Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

24.     The average hourly billing rate for the attorneys who performed the Services--that is, the *"lodestar"* rate--is $260.00. This average rate is fair and reasonable in light of the services provided and the experience of Law Office's professionals. Moreover, the compensation requested by the Law Office is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, Trustee respectfully requests that this Court enter an Order:

(a)     Allowing Law Office compensation for actual, necessary legal services in the amount of $910.00;

(b)     Authorizing the reimbursement of actual and necessary expenses of $0.00;

(c)     Authorizing the Trustee to pay Law Office's compensation and expense; and

(d)     Granting such other relief as the Court deems just and equitable.

Dated: January 17, 2018

_____*/s/ Joji Takada*_____
Bankruptcy Trustee

Prepared by:

JOJI TAKADA
Takada Law Office, LLC
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
Tel: 773-790-4888